**Carl THOMAS, Sheriff, Appellant,**

v.

**INTERNATIONAL FIDELITY INSUR-ANCE COMPANY OF NEWARK, NEW JERSEY, et al., Appellees.**

**No. 19649.**

Court of Civil Appeals of Texas, Dallas.

Jan. 11, 1979.

Harry J. Schulz, Jr., Asst. Dist. Atty., Henry M. Wade, Dist. Atty., Dallas, for appellant.

Earl B. Erwin, Jr., John S. Brunson, Brunson, Erwin & Byrom, Houston, for appellees.

Before GUITTARD, C. J., AKIN and ROBERTSON, JJ.

AKIN, Justice.

The sole question presented on this appeal is whether the sheriff of Dallas County may require insurance companies, duly authorized to write fidelity and surety bonds under the Insurance Code, to post security for bail bonds in addition to the five thousand dollars set forth in section 6(d)(1) of Tex.Rev.Civ.Stat.Ann. art. 2372p–3 (Vernon Supp.1978) (dealing with licensing and regulation of bail bondsmen). We hold that the sheriff is granted discretion to require additional security from such companies. Accordingly, we reverse the judgment of the trial court and render judgment in favor of the sheriff.

This case arose when appellees, duly licensed and authorized by the State Commissioner of Insurance to write surety and fidelity bonds in Texas, sought a declaratory judgment decreeing that the sheriff could require of them no security other than the $5,000 set forth in section 6(d)(1) of article 2372p–3. The parties stipulated that appellees were duly licensed by the insurance commissioner, that the sheriff required them to make security deposits in addition to the $5,000 set forth in the stat-

ute, and that the sheriff has placed appellees on a specific deposit to liability ratio limit for all bonds written in Dallas County. Acting on these facts, the trial court entered its decree declaring that the sheriff had no authority under statute to require security in addition to the $5,000 set forth in the statute and ordered the sheriff to return the additional security. The sheriff appeals.

The sheriff argues that section 4 of article 2372p–3 gives him discretion with respect to the security offered on a bond by a licensed bondsman. We agree. Section 4 provides:

A sheriff may examine under oath any proposed bondsman, or an officer or attorney of any company proposing to execute a bond, as to the indemnity, if any, deposited or otherwise provided directly or indirectly against loss by reason of the bond, and *may refuse to accept the bond if, in the exercise of his discretion*, he is satisfied that the security is insufficient, any portion of the security has been feloniously obtained, or the provisions of this Act have been violated. [Emphasis added]

As we read this language, the sheriff has discretion to refuse to accept a bond if he is dissatisfied with the security for the bond. Thus, the question of whether security in addition to the $5,000 set forth in section 6(d)(1) may be required by the sheriff is a matter within his discretion. Of course, the sheriff may not abuse this discretion but that question is not before us because neither the number of bonds nor the dollar amount thereof are in evidence, nor is there evidence of any particular ratio of the security deposited to outstanding liability.

Appellees focus on section 6(d)(1) and (2) which provide that an applicant who has been notified of tentative approval of his license to write bonds may under (1) deposit $5,000 in cash or under (2) execute a deed of trust to the sheriff on nonexempt real property of the value of $10,000 located in the county of the applicant's principal office. They contend that if one of these provisions is met, then no further security may be required by the sheriff. Furthermore, they assert that since they have been authorized by the insurance commissioner to act as sureties, they need only comply with section 6(d)(1) or (2). These arguments not only ignore the language of section 4 but also that of section 7(a) and (b), which state:

7(a) . . . When any such corporation authorized by law to act as a surety undertakes to be a surety on a bail bond, such corporation, *before being acceptable as a surety on a bail bond, shall be required to meet the same requirements an individual is required to meet* . . . .

(b) The certificate of authority to do business in this state issued to a corporation by the State Board of Insurance pursuant to Article 8.20, Insurance Code, . . . ., *shall not be conclusive evidence as to the sufficiency of the security, the corporation's solvency, or its credits;* if the court or officer taking the bail bond is not fully satisfied as to the sufficiency of the security offered by the corporation, *further evidence shall be required before approving the bail bond.* [Emphasis added]

This language, particularly when read in conjunction with section 4, shows a clear legislative intent to place the duty of determining whether the security offered is sufficient on a bail bond on the officer to whom the bond is presented. In this case, the sheriff of Dallas County is the person to whom bonds are presented for approval. We hold, therefore, that since he has the duty to ascertain that the security given for the bond is adequate, he has the discretion to require security in addition to that set forth in section 6(d)(1) and (2).

Reversed and rendered.